UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br>  v.<br><br>MICHAEL THORVALD LAURSEN,<br><br>  Defendant. | CASE NO.  CR13-5634RJB<br><br>ORDER DENYING MOTION FOR COMPASSIONATE RELEASE/MODIFICATION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1) |

THIS MATTER comes before the Court on the above-referenced motion (Dkt. 134).  The Court is familiar with the records and files herein, and all documents filed in support of, and in opposition to, the motion.  For the reasons stated below, the motion should be denied.

### BACKGROUND

The Defendant, age 52, was found guilty of possession and production of child pornography, for which he received a mandatory minimum sentence of 15 years in prison.  He has served nearly one half of his sentence.  He now requests compassionate release on four grounds:  (1) he was the victim of a serious and unprovoked attack in prison resulting in injuries which cannot be remedied until he is released from prison; (2) he suffers other

serious health conditions that may increase the danger to Mr. Laursen posed by the current COVID-19 pandemic; (3) he has demonstrated exemplary behavior throughout his incarceration; and (4) his severe original sentence was dictated by statute, not the Court's discretion or relevant § 3553(a) factors (Dkt. 134).

He also alleges that he is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g), and his immediate release is consistent with all relevant 18 U.S.C. § 3553(a) factors.

This is not the time to examine the events leading to Defendant's conviction unless, under USSG §1B1.13, he has shown extraordinary and compelling reasons justifying a sentence reduction.

## THE LAW

In pertinent part, 18 U.S.C. § 3582(c)(1) reads as follows:

> (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that--
> (1) in any case--
>    (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>        (i) extraordinary and compelling reasons warrant such a reduction; or
>        (ii) . . . .
>    and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

The Policy Statement referenced by the statute is USSG § 1B1.13 was required by 28 U.S.C. § 944(f), which provides:

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE/MODIFICATION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)(1) - 2

The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.

In pertinent part, the policy statement at USSG § 1B1.13 provides:

Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that--
    (1) (A) Extraordinary and compelling reasons warrant the reduction; or . . .
    (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
    (3) The reduction is consistent with this policy statement.

**Commentary**

**Application Notes:**

1. **Extraordinary and Compelling Reasons**. – Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
    (A) **Medical Condition of the Defendant** –
        (i) The defendant is suffering from a terminal illness (i.e., a serious and advance illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic later sclerosis (ALS), end-stage organ disease, and advance dementia.
        (ii) The defendant is –
            (I) suffering from a serious physical or medical condition,
            (II) suffering from a serious functional or cognitive impairment, or
            (III) experiencing deteriorating physical or mental health because of the aging process
that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
    (B) **Age of the Defendant**.--The defendant is (i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
    (C) **Family Circumstances** –
        (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE/MODIFICATION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)(1) - 3

     (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

  (D) **Other Reasons**.—<u>As determined by the Director of the Bureau of Prisons,</u> there exists in the defendant's case an extraordinary and compelling reasons other than, or in combination with, the reasons described in subdivision (A) through (C).

2.  **Foreseeability of Extraordinary and Compelling Reasons**.—For purposes of this policy statement, an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment. Therefore, the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement.

3.  **Rehabilitation of Defendant**.—Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement.

4.  **Motion by the Director or the Bureau of Prisons**.—<u>A reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons</u> pursuant to 18 U.S.C. § 3582(c )(1)(A).  The Commission encourages the Director of the Bureau of Prisons to file such a motion if the defendant meets any of the circumstances set forth in Application Note 1.  The court is in a unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement, such as the defendant's medical condition, the defendant's family circumstances, and whether the defendant is a danger to the safety of any other person or to the community.

This policy statement shall not be construed to confer upon the defendant any right not otherwise recognized in law.

5.  **Application of Subdivision (3)**.—Any reduction made pursuant to a motion by the Director of the Bureau of Prisons for the reasons set forth in subdivisions (1) and (2) is consistent with this policy statement.

## DISCUSSION – LEGAL ISSUES

First, because of the existing Policy Statements at USSG § 1B1.13 were adopted <u>before</u> 18 U.S.C. § 3582 (c)(1), parts of the Policy Statements are obsolete and must be disregarded.

The parts to be disregarded are underlined, above.

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE/MODIFICATION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)(1) - 4

Second, 28 U.S.C. § 944(f) required the Sentencing Commission in the Policy Statement, to include "the criteria to be applied" in considering extraordinary and compelling reasons for sentence reduction.  This the Commission failed to do, except for determining, in Application Note 4, that, "The court is in an unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement" followed by a non-exclusive list of things the Court should consider.  This listing of things the Court should consider hardly sets the criteria for a finding of extraordinary and compelling reasons for a sentence reduction, leaving it to the Court to determine what qualifies, after appropriate analysis.

Third, these further observations support this conclusion:  First, the listing of examples of extraordinary and compelling reasons in the Policy Statements § 1B1.13 and Application notes is not, by its language, exclusive.  Second, the listing of things that are not considered extraordinary and compelling does not limit what else may be considered extraordinary and compelling.  Third, Application Note 1(D) clearly opens the door to consider reasons other than the examples listed in determining whether extraordinary and compelling reasons for a sentence reduction exists.

"Extraordinary and compelling" means "extraordinary and compelling."

(The foregoing discussion of legal issues is quoted from the Order Granting Motion for Compassionate Release in United States v McPherson, Western District of Washington Case No. CR94-5748RJB, Dkt. No. 209.)

It is not contested that Defendant bears the burden of proof, that the standard is high, and that compassionate release should be an extraordinary and rare event (Dkt. 144 at page 5, lines 9-11), nor is it contested that all  of the cited law, above, included the USSG, Commentary and

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE/MODIFICATION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)(1) - 5

Application Notes, are binding on the Court.  <u>Dillon v United States</u>, 560 U.S. 817, 817 (2010) and its progeny.

## DISCUSSION – DEFENDANT'S CLAIMS

1. <u>Injuries in Prison</u>.

The record shows, and there is no doubt, that Defendant has suffered and is suffering from a myriad of serious injuries, surgeries, and naturally occurring maladies leading to the conclusion that he is suffering from serious physical and medical conditions, thereby meeting the first requirement for a finding of an "extraordinary and compelling reason" under USSG 1B1.13 Application Notes 1(A)(ii)(I).  The inquiry, however, does not end there.   Under the rule of *ejusdem generis*, the specific controls over the general.  For a serious physical or medical condition to qualify as an extraordinary and compelling reason, the condition must substantially diminish Defendant's ability to provide self-care within the environment of a correctional facility and from which he is not expected to recover.  Defendant's physical and medical conditions are permanent, and he is not likely to recover from them.  His motion fails, however, on the remaining issue.  There is no evidence or showing that he is not able to care for himself in prison.

The last record touching on his abilities to care for himself in prison is in Docket Number 135, Exhibit 24 at Page 2, in a record of a Bureau of Prisons Individualized Reentry Plan – Program Review, which states in pertinent part, under Progress Since Last Review, "Progress Good:  Inmate has maintained clear conduct and FRP Part status, maintains positive interactions with staff and inmates, and maintains personal accountability.  Inmate is currently employed as a Unit Orderly.  He is currently participating in the residential CHALLENGE program."

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE/MODIFICATION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)(1) - 6

There is nothing else in the record, including from his latest "Clinical Encounter" on April 8, 2020 (Dkt. 135, Exhibit 25 at page 1), relating to self-care in the prison setting. Defendant fails to show that his physical and medical conditions qualify as extraordinary and compelling under USSG 1B1.13 Application Note 1(a)(ii)(I).

    2.    <u>COVID-19 Pandemic susceptibility</u>.

There appears to be no doubt that Defendant's physical condition puts him in a high-risk category for COVID-19 infection. There is no evidence that the United States Prison at Tucson, AZ, where he is housed, is suffering a COVID-19 outbreak. In the words of Warden B. von Blanckensee dated 4/21/20:

> The BOP is taking extraordinary measures to contain the spread of COVID-19 and treat any affected inmates. We recognize that you, like all of us, have legitimate concerns and fears about he spread and effects of the virus. However, your concern about being potentially exposed to, or possibly contracting, COVID-19 does not currently warrant an early release from your sentence.

Dkt. 134-2 at page 1. The Bureau of Prisons' efforts against the COVID-19 pandemic are well set out in Plaintiff's responsive brief. Dkt. 138 at pages 16-20.

To grant Defendant's plea based on the pandemic would mean that all federal inmates at high risk for COVID-19 infection should be released based on the finding that that fact alone is an extraordinary and compelling reason. The facts and the law do not support such a conclusion.

    3.    <u>Exemplary Behavior in Custody</u>.

The Court has no reason to doubt that Defendant has behaved appropriately while in custody. This fact, standing alone, does not merit compassionate release, but would be a consideration in Defendant's favor if he otherwise qualifies.

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE/MODIFICATION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)(1) - 7

    4.    <u>Original Severe Sentence</u>.

The fact that one judge thinks that Congressional sentencing through mandatory minimums is violative of the purposes of sentencing and proper consideration of sentencing as set forth in 18 U.S.C. § 3553, does not make that defendant's sentence an extraordinary and compelling reason justifying a compassionate release. The Defendant's sentence was, and is, consistent with existing law, unlike the <u>McPherson</u> case (*supra*) that dealt with a change in the law.

## CONCLUSION

Without a showing of extraordinary and compelling reasons warranting a sentence reduction, the Court is without authority to modify Defendant's sentence. Further consideration of the 18 U.S.C. § 3553 (a) factors, and whether Defendant is safe to be at large, is not necessary. The Motion for Compassionate Release/Modification of Sentence (Dkt. 134) should be DENIED.

**IT IS SO ORDERED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 27th day of May, 2020.

ROBERT J. BRYAN
United States District Judge